NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0298n.06

Case No. 18-3816

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** Jun 11, 2019 DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
|  | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| ANTWOINE GARRETT, | ) | THE NORTHERN DISTRICT OF |
|  | ) | OHIO |
| Defendant-Appellant. | ) | |

BEFORE:  MERRITT, THAPAR, and READLER, Circuit Judges.

PER CURIAM.  Antwoine Garrett pled guilty to attempted possession of a controlled substance with intent to distribute.  *See* 21 U.S.C. § 841(a)(1).  Relying on our precedent in *United States v. Evans*, the district court found that Garrett had at least two prior felony convictions for either crimes of violence or controlled substance offenses, meaning he qualified for a career offender sentencing enhancement.  699 F.3d 858, 867–68 (6th Cir. 2012); *see also* U.S. Sentencing Guidelines Manual § 4B1.1 (U.S. Sentencing Comm'n 2016).  But one of Garrett's prior convictions may have been for an *attempted* controlled substance offense.  And while Garrett's appeal was pending, the en banc court determined that attempt crimes no longer qualify as controlled substance offenses for purposes of the career offender enhancement.  *United States v. Havis*, No. 17-5772, 2019 WL 2376070, at *1, *3–4 (6th Cir. June 6, 2019) (en banc).  Thus, we VACATE and REMAND for the district court to consider in the first instance whether Garrett qualifies for the career offender enhancement in light of *Havis*.